Per Curiam.

The determination as to whether the judgment of June 12, 1962, should be vacated and set aside was in the first instance a matter within the discretion of the trial court.
Near the close of its opinion, the Court of Appeals remarked :
“As we view the situation in the present case, there was a misunderstanding between the court and counsel for the defendants. The trial judge and counsel for the defendants were nonresidents of Vinton County * * #. Considering all of the circumstances, our conclusion is that the showing in the present case was sufficient to require the court to sustain defendants’ motion to vacate the judgment overruling the motion for a new trial; that failure to do so was an abuse of discretion * *
*77 It is well established that the law attaches to a judgment of a court of record of general jurisdiction, regular on its face, a presumption of validity, and every reasonable inference is to be indulged to support such judgment. And, in the absence of. some affirmative showing of a recognizable character that the judgment is erroneous, such judgment will stand. 31 Ohio Jurisprudence (2d), 687 et seq., Section 237.
Moreover, “where an entry overruling a motion to vacate does not show that the court refused to hear evidence supporting the motion, and the record is silent as to why the court refused to set aside the judgment, a reviewing court cannot say, in view of such lack of evidence, that the court abused its discretion.” 3 Ohio Jurisprudence (2d), 768, Section 793.
In the instant case, the Court of Appeals did not have before it a bill of exceptions, an agreed statement of facts or a finding of facts by the court below. No adequate basis was shown upon which the Court of Appeals could reach the conclusion that the lower court proceeded improperly in refusing to vacate the judgment of June 12, 1962. Abuse of discretion cannot be presumed; it must be shown by evidence. 3 Ohio Jurisprudence (2d), 320, 321, Section 413.
In short, in the present case the Court of Appeals rendered its judgment of reversal in the absence of adequate grounds to support such action. Consequently, the judgment of the Court of Appeals is reversed.

Judgment reversed.

Taft, C. J., Zimmerman, Kerns, O’Neill, Griffith, Herbert and Gibson, JJ., concur.
Kerns, J., of the Second Appellate District, sitting by designation in the place and stead of Matthias, J.